ALICE V. LOHMAN, PLAINTIFF-RESPONDENT, v. PHILIP LINDEMAN, DEFENDANT-APPELLANT.

JOHN N. LOHMAN, PLAINTIFF-RESPONDENT, v. PHILIP LINDEMAN, DEFENDANT-APPELLANT.

JOHN N. LOHMAN, PLAINTIFF-RESPONDENT, v. PHILIP LINDEMAN, DEFENDANT-APPELLANT.

Submitted May term, 1930—Decided January 22, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs-respondents, *Stein, McGlynn & Hannoch* (*Norman B. Grobert,* on the brief).

For the defendant-appellant, *Hurley, Cox & Walburg* (*John J. Francis,* on the brief).

PER CURIAM.

This appeal arises out of three verdicts against the defendant, two of them being for personal injury claims of John N. Lohman and Alice Lohman, respectively, and the third for property damage claim of John N. Lohman. The claims arose out of a collision between an automobile in which the plaintiffs were riding and the defendant's automobile driven by the defendant's employe, Lazarus Jones, then under the influence of liquor. The verdicts were entered on the finding of the judge sitting without a jury. The errors complained of are that the court denied the motion of the defendant

for directed verdicts predicated upon the ground that his automobile was not being operated by his servant or agent on his business or within the scope of the employment at the time of the accident, and that the court erred in entering judgments for the plaintiffs and against the defendant inasmuch as the automobile of the defendant was not being operated in and about his business by his agent or servant within the scope of his employment at the time of the accident.

We consider that the motion for directed verdicts was properly denied and that there was sufficient evidence to sustain the court in a finding adverse to the defendant in respect to the operation of the car within the scope of the driver's employment.

Defendant is engaged in the retail coal and ice business and operates two yards in the city of East Orange. The defendant himself did not take the witness-stand but his son, Victor D. Lindeman, testified that the latter, having authority in the operation of the business, had sent Jones to deliver a piece of ice at Victor's house between nine and nine-thirty o'clock in the morning; that that errand would reasonably take fifteen to twenty minutes of time; that the ice was delivered and that Jones did not return; that Jones had no other orders from the yard at which the witness was located but could well pass the other yard in the course of his errand and might have received instructions there; that the site of the accident was several blocks from the course normally to be pursued in performing the aforesaid errand. A police officer testified that the accident occurred about ten o'clock and that the driver was then intoxicated.

We are unable to say that either the time or the location of the accident is so distant from the proper sphere of Jones' employment as to relieve the defendant as a matter of law from liability. The determination was properly one of fact, and the verdicts had support in point of fact in the evidence.

The judgments below will be affirmed.